```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
FREDDY RAUL ALVARADO QUEZADA,                                          :
                                                                       :
                              Petitioner,                              :
                                                                       :
                -v-                                                    :   26 Civ. 387 (JPC)
                                                                       :
LADEON FRANCIS, et al.,                                                :   OPINION AND ORDER
                                                                       :
                              Respondents.                             :
                                                                       :
-----------------------------------------------------------------------X
```

JOHN P. CRONAN, United States District Judge:

Freddy Raul Alvarado Quezada, a noncitizen who has never been lawfully admitted into this country, has filed a habeas petition challenging his detention without a bond hearing to determine whether he poses a flight risk or danger to the community. But as this Court recently held, noncitizens like Alvarado Quezada are lawfully detained under 8 U.S.C. § 1225(b)(2)(A), which provides for mandatory detention without the possibility of bond. *See Chen v. Almodovar*, No. 25 Civ. 9670 (JPC), 2026 WL 100761 (S.D.N.Y. Jan. 14, 2026). Because Alvarado Quezada cannot meaningfully distinguish his case from *Chen*, this Court's prior analysis governs, and so his habeas petition is denied.

## I. Background

### A. Facts

Alvarado Quezada, a citizen of Ecuador, unlawfully entered the United States without admission or inspection at an uncertain place on or about July 1, 2011. Dkt. 1 ("Petition") ¶¶ 13, 38; Dkt. 5 ("Return"), Exh. A ("Notice to Appear") at 1; Return, Exh. B ("Form I-213") at 3. On October 28, 2025, officers with the Department of Homeland Security ("DHS") Immigration and Customs Enforcement ("ICE") arrested him during a traffic stop in Poughkeepsie, New York,

having determined that he was present "illegally in the United States." Form I-213 at 2; Petition ¶ 3. That same day, he was served with a Notice to Appear and charged as inadmissible for being "an alien present in the United States who has not been admitted or paroled" and lacking "a valid entry document." Notice to Appear at 1, 4; *see* 8 U.S.C. § 1182(a)(6)(A)(i), (a)(7). The Notice to Appear began removal proceedings against Alvarado Quezada and scheduled a hearing to take place in Immigration Court in New York City on November 7, 2025. Petition ¶ 40; Notice to Appear at 1. He has been detained since his October 28, 2025 arrest and is currently detained at the Orange County Jail in Goshen, New York. Petition ¶¶ 1, 9, 13.

**B.     Procedural Background**

On January 15, 2026, Alvarado Quezada filed his Petition for a writ of habeas corpus under 28 U.S.C. § 2241. Petition ¶¶ 10-11. His Petition names as Respondents LaDeon Francis, ICE Field Office Director for the New York City area; Kristi Noem, the DHS Secretary; Pamela Bondi, the Attorney General; Todd Lyons, ICE Acting Director; and DHS (collectively, the "Government"). *Id.* ¶¶ 14-18. According to Alvarado Quezada, his detention violates the Immigration and Nationality Act ("INA") because Section 1225(b)(2)(A) "does not apply to those who previously entered the country and have been residing in the United States prior to being apprehended and placed in removal proceedings," as "[s]uch noncitizens are detained under [8 U.S.C.] § 1226(a)" instead. *Id.* ¶¶ 42-43. He further claims that his detention violates due process because it violates his "right to seek bond" and because his "detention is not authorized, serves no legitimate purpose, and amounts to punitive detention." *Id.* ¶¶ 44-47. Finally, he claims that he is "entitled to consideration for release on bond under [Section] 1226(a)" as a member of a declaratory-relief class action in the Central District of California. *Id.* ¶¶ 48-52; *see Bautista v. Santacruz*, --- F. Supp. 3d ----, No. 5:25-cv-1873-SSS-BFM, 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025), *judgment entered sub nom. Maldonado Bautista v. Noem*, 2025 WL 3678485 (C.D. Cal.

Dec. 18, 2025).

On January 15, 2026, this Court ordered the Government to respond to the Petition by January 23, 2026, and Alvarado Quezada to reply by January 30, 2026. Dkt. 3. In its Order, this Court directed the parties to identify "any basis to distinguish this case" from its recent decision in *Chen*. *Id.* The Government filed its opposing papers on January 23, 2026. Dkt. 6 ("Opposition"); Return. The Government asserts that "this case is not materially distinguishable from *Chen*," and that the classwide-relief claim "which was not addressed in *Chen* . . . should also be denied." Opposition at 1. Alvarado Quezada replied on January 30, 2026. Dkt. 7 ("Reply").

## II. Legal Standard

The writ of habeas corpus extends to a prisoner who is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). District courts may grant such a writ "within their respective jurisdictions." *Id.* § 2241(a). The court must "dispose of the matter as law and justice require." *Id.* § 2243. Where, as here, a petition "present[s] only issues of law," the court may adjudicate it "without a hearing." *Tumba v. Francis*, No. 25 Civ. 8110 (LJL), 2025 WL 3079014, at *1 n.1 (S.D.N.Y. Nov. 4, 2025) (quoting 28 U.S.C. § 2243).

## III. Discussion[1]

In *Chen*, this Court addressed the question of whether "an alien who has never been lawfully admitted into this country—but has been living here nonetheless—[is] subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) or alternatively entitled to a bond hearing under 8 U.S.C. § 1226(a)." 2026 WL 100761, at *1. After "examining the plain text of Section 1225(b)(2)(A) in context of the INA's full statutory scheme," the Court concluded that for those aliens not expressly excepted from Section 1225(b)(2)(A)'s coverage, the statute's "plain language

---

[1] Because Alvarado Quezada filed his Petition when he was detained at the Orange County Jail, Petition ¶¶ 1, 9, this Court has habeas jurisdiction, *see Chen*, 2026 WL 100761, at *7 n.6.

3

imposes two"—and only two—requirements for mandatory detention without bond: "(1) the noncitizen must be 'an applicant for admission' and (2) 'the examining immigration officer' must determine that the 'alien seeking admission is not clearly and beyond a doubt entitled to be admitted.'" *Id.* at *1, *8 (quoting 8 U.S.C. § 1225(b)(2)(A)). And because "an applicant for admission is someone who, under the statute, is necessarily seeking admission," Section 1225(b)(2)(A) covers "all applicants for admission, including those 'present in the United States' who have 'not been admitted' and never gained lawful entry into the country after inspection and authorization by an immigration officer, regardless of how long they have been present." *Id.* at *9, *13 (citing 8 U.S.C. §§ 1101(a)(13)(A), 1225(a)(1), (b)(2)(A)). "Those applicants must be detained" without bond "when 'the examining immigration officer determines' that they are 'not clearly and beyond a doubt entitled to be admitted.'" *Id.* at *13 (quoting 8 U.S.C. § 1225(b)(2)(A)).

This Court then explained that the petitioner in *Chen* was "covered by Section 1225(b)(2)(A)," thus requiring his detention "without a bond hearing." *Id.* Chen was an applicant for admission—and so seeking admission—because he "arrived in the United States but was not then admitted or paroled after inspection by an Immigration Officer, meaning that he [was] an alien present in the United States who ha[d] not been admitted or paroled." *Id.* (internal quotation marks omitted); *see* 8 U.S.C. §§ 1101(a)(13)(A), 1225(a)(1), 1225(b)(2)(A) (providing the relevant meaning of "applicant for admission"). And an examining immigration officer had determined that Chen was not clearly and beyond a doubt entitled to be admitted: "when Chen was first arrested" upon crossing the border in California, "a Border Patrol Agent determined" that he was "inadmissible as an alien present in the United States without being admitted or paroled, or [one] who [had] arrived in the United States at any time or place other than as designated by the Attorney General." *Chen*, 2026 WL 100761, at *13 (internal quotation marks omitted); *see* 8

4

U.S.C. § 1182(a)(6)(A)(i) (applicable grounds for inadmissibility). Nor did it matter that Chen initially had been detained and released in California "purportedly under Section 1226," as his "status as an applicant for admission ha[d] remained unchanged," and there was no "basis in the INA for the proposition that if an alien is released pursuant to Section 1226, any rearrest must also be made pursuant to Section 1226 with any attendant protections under that provision." *Chen*, 2026 WL 100761, at *14 (citation modified).

Because Section 1225(b)(2)(A)'s two prerequisites were met, this Court concluded that Chen was "properly detained without bond under" that provision. *Id.* And the Court rejected Chen's due process claim for two independent reasons. First, his due process claim "simply rehashe[d] his statutory claim," which this Court had just dismissed. *Id.* And second, even taking the constitutional claim on its own terms, "Chen's detention under Section 1225(b)(2)(A) comport[ed] with due process." *Id.* That was because "[d]etention during removal proceedings is a constitutionally valid aspect of the deportation process," and the Second Circuit had already recognized that "'due process does not require an *initial* bond determination for those detained under [S]ection 1226(c),' a provision mandating detention pending removal proceedings just like Section 1225(b)(2)(A)." *Id.* (first quoting *Velasco Lopez v. Decker*, 978 F.3d 842, 848 (2d Cir. 2020), and then quoting *Black v. Decker*, 103 F.4th 133, 142 (2d Cir. 2024)). "[G]iven the relatively short duration of Chen's detention—under two months—any constitutional argument for habeas relief separate from the statutory one raised [t]here, if possible, would be premature." *Id.* (citation modified). So the Court denied Chen's habeas petition in full. *See id.* at *15.

*Chen* was decided "[i]n the absence of precedential authority from the Supreme Court or the Second Circuit," which remains true today. *Id.* at *1. This Court thus sees no reason to depart from its prior interpretation of the INA, which has only been bolstered by recent persuasive authority from the Fifth Circuit and other judges in this District. *See, e.g.*, *Buenrostro-Mendez v.*

5

*Bondi*, Nos. 25-20496, 25-40701, --- F.4th ----, 2026 WL 323330 (5th Cir. Feb. 6, 2026); *Deras Arana v. Arteta*, No. 26 Civ. 240 (GHW), 2026 WL 279786 (S.D.N.Y. Feb. 3, 2026); *Weng v. Genalo*, No. 25 Civ. 9595 (JHR), 2026 WL 194248 (S.D.N.Y. Jan. 25, 2026).

Alvarado Quezada seeks to distinguish *Chen* on two grounds, but his distinctions are legally irrelevant. First, Alvarado Quezada argues that *Chen* is distinguishable because he was "not apprehended by ICE until October 2025" after illegally entering the country in July 2011, while the petitioner in *Chen* "was encountered" by immigration authorities shortly after crossing the border before being released. Reply at 1-2. To the Court's eye, this is less a factual distinction[2] so much as it is an argument that unlike the petitioner in *Chen*, Alvarado Quezada is not "seeking admission" under Section 1225(b)(2)(A) despite being an "applicant for admission." *Id.* ("If these concepts held identical legal significance, such a reading would render the phrase 'seeking admission' in § 1225(b) superfluous."). But in *Chen*, this Court could not have been clearer in determining that the INA "treats applicants for admission among those seeking admission," so "Section 1225(b)(2)(A) covers all noncitizens present in the United States who have not been admitted (and are not crewmen, stowaways, or subject to Section 1225(b)(1)) no matter how long they have been present." 2026 WL 100761, at *8-10. Alvarado Quezada does not dispute that he is an applicant for admission, nor does he dispute that an examining immigration officer has determined that he is not clearly and beyond a doubt entitled to be admitted. *See* Petition ¶ 38 (conceding that Alvarado Quezada "presented without admission or parole"); Form I-213 at 3

---

[2] Indeed, the fact that Alvarado Quezada "was not initially detained at the border and then released on his own recognizance" under Section 1226 "further supports the conclusion that Section 1225(b)(2)[(A)] applies here," *Espinoza Lopez v. Noem*, No. 26 Civ. 345 (JHR), 2026 WL 266597, at *2 n.5 (S.D.N.Y. Feb. 2, 2026); this Court explained in *Chen* that its conclusion held "true *even though* Chen was initially detained—shortly after crossing the border—and released on his own recognizance, purportedly under Section 1226," 2026 WL 100761, at *14 (emphasis added).

("Alvarado [Quezada] entered the United States at or near an unknown place on or about an unknown date without being admitted or paroled after inspection by a U.S. Immigration Officer."); *id.* at 2 (explaining that "ICE Officers/Agents . . . identified [Alvarado Quezada] as being illegally in the United States"). So he "is properly detained without bond under Section 1225(b)(2)(A)," and the relatively short period of his "detention under Section 1225(b)(2)(A) comports with due process." *Chen*, 2026 WL 100761, at *13-14.

That Alvarado Quezada was not detained upon crossing the border, however, does distinguish *Chen* in one real sense: unlike the petitioner in *Chen*, Alvarado Quezada is a "class member as outlined" in the Central District of California litigation in *Bautista*. Reply at 2. That court's declaratory judgment that class members are detained under Section 1226 rather than Section 1225(b)(2)(A) applies to

> [a]ll noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) *were not or will not be apprehended upon arrival*; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time [DHS] makes an initial custody determination.

*Bautista*, 2025 WL 3713987, at *32 (emphasis added). But the Central District of California acknowledged that because its "jurisdiction to grant habeas relief is limited to those within the judicial district," it "cannot order nationwide release or bond hearings for . . . class members, especially so to those confined outside th[at] judicial district." *Id.* at *30 (citing *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004)). There are questions concerning the lawfulness of that declaratory judgment and whether the Government is bound by it. *See* Opposition at 4 (asserting "that the district court lacked jurisdiction to enter class-wide declaratory relief in the habeas context"); *see also Calderon Lopez v. Lyons*, --- F. Supp. 3d ----, No. 1:25-CV-226-H, 2025 WL 3683918, at *14 (N.D. Tex. Dec. 19, 2025) (concluding that orders in *Bautista* were "advisory" and "violate[d] the INA's limits on judicial review"); *id.* at *7 n.14 ("[B]ecause the Central District

7

[of California] lacks jurisdiction under the INA to hear the APA challenge to the DHS policy, its December 18 order lacks the authority necessary to vacate the policy."). But even assuming that the judgment is lawful and binding on the Government, this Court is not and cannot be bound to grant habeas relief by another judge's ruling in another district—as the *Bautista* court itself appropriately recognized. *See* 2025 WL 3713987, at *30. Alvarado Quezada's second ground for distinguishing *Chen* thus falls short, too.

Until the Supreme Court or the Second Circuit reaches a different conclusion to this difficult and important question of statutory interpretation, the undersigned is compelled to treat like cases alike. So under this Court's analysis in *Chen*, Alvarado Quezada's challenge to his detention without bond fails.

### IV. Conclusion

For the above reasons, Alvarado Quezada's Petition for a writ of habeas corpus is denied. The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Dated: February 11, 2026
      New York, New York

                                              JOHN P. CRONAN
                                        United States District Judge